DONALD EUGENE RUDISILL AND BARBARA JEAN RUDISILL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rudisill v. Commissioner
Docket No. 7903-91
United States Tax Court
T.C. Memo 1992-388; 1992 Tax Ct. Memo LEXIS 412; 64 T.C.M. (CCH) 93; July 13, 1992, Filed *412 Decision will be entered for respondent. For Donald Eugene Rudisill, pro se. For Respondent: Sylvia Shaughnessy. FAY
FAY
MEMORANDUM OPINION FAY, Judge: By statutory notice of deficiency, respondent determined deficiencies in and additions to petitioners' Federal income tax in the following amounts: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)
6653(a)(1)
6653(a)(2)
6659
1980
$ 5,976
$ 299
$ 1,793
1981
6,443
$ 322
[1]
1,933
1982
7,779
389
[1]
2,334
1983
6,983
349
[1]
2,095
All section references are to the Internal Revenue Code in effect for the years in issue. The sole issue before this Court is whether petitioners were granted immunity by respondent and are thereby relieved of the deficiencies and additions to tax as set forth in the notice of deficiency for the years at issue. We hold petitioners *413 were not granted immunity by respondent. For purposes of clarity, the findings of fact and opinion have been combined. The Stipulation of Facts and exhibits are incorporated herein by this reference. Petitioners were residents of Bonita, California, at the time the petition in this case was filed. On their 1983 Federal income tax return, petitioners claimed a Schedule C loss in the amount of $ 9,181 and an investment tax credit (ITC) in the amount of $ 25,134, both in connection with their investment in Courseware Research Corp. (CRC), a computer software leasing program. Petitioners deducted $ 4,937 of the total claimed ITC on their 1983 Federal income tax return and carried back $ 5,976, $ 6,443, and $ 7,779 of the ITC to their 1980, 1981, and 1982 tax years, respectively. In the notice of deficiency, respondent disallowed the claimed loss and ITC on the primary grounds that the transactions were not bona fide arm's length transactions at fair market value and that the transactions lacked economic substance. Petitioners do not dispute that they are not entitled to the claimed loss and ITC. Instead, petitioners assert that they should not be held liable for the deficiencies *414 and additions to tax for the years at issue on the ground that they were granted immunity by a desk clerk employed by the Internal Revenue Service. [1]
Mr. Rudisill (petitioner) contacted the Criminal Investigation Division (C.I.D.) of the Internal Revenue Service on April 1, 1985, on his own initiative for the purpose of having the CRC computer leasing program "declared illegal" and to refile his taxes for the years at issue. Petitioner asserts that he met with Catherine MacNeill (MacNeill), a desk clerk employed by respondent, who proceeded to take down information provided by petitioner. Petitioner claims that during his April 1, 1985, contact with C.I.D., he was advised by MacNeill *415 as follows: "Mr. Rudisill, you were a victim. You don't have to refile your taxes. You go home and forget about it." Respondent concedes that MacNeill was the employee of respondent who wrote down the information provided by petitioner. Respondent, however, does not concede that MacNeill made the statements alleged by petitioner. Respondent further argues that MacNeill did not have authority to grant petitioners immunity or to make any type of agreement relating to petitioners' civil tax liabilities and that, in fact, no such agreement ever existed between the parties. In the context of a civil tax dispute, closing agreements under section 7121 and compromise agreements under section 7122 provide the exclusive means of settling such controversy. See ; ; see also . We consider petitioners' claim of immunity from the tax deficiencies and additions to tax before us as a claim arising under each of these sections. Both closing agreements under *416 section 7121 and compromise agreements under section 7122, however, are required to be in writing and to be accepted by the Secretary. Sec. 301.7121-1 and sec. 301.7122-1, Proced. & Admin. Regs. Petitioners were unable to show that any written agreement complying with the applicable rules and regulations was entered into with respondent relating to petitioners' civil tax liabilities for 1980 through 1983. In addition, we discern no other evidence in the record before us that supports petitioners' claim of immunity. [2]
We therefore hold petitioners' allegations of a grant of immunity by respondent to be meritless. *417 Decision will be entered for respondent. Footnotes
1. Fifty percent of interest computed on $ 6,443, $ 7,779, and $ 6,983 of the deficiency for taxable years 1981, 1982, and 1983, respectively.↩
1. In paragraph 8 of the Stipulation of Facts, the parties stipulated to reduced amounts of the deficiencies in income taxes and additions to tax due from petitioners in the event that this Court holds for respondent. The reduced deficiencies and additions to tax are consistent with settlement offers given to other investors in CRC.↩
2. At trial, neither party called MacNeill to testify as a witness before this Court. Because we find that the record is devoid of any evidence supporting the existence of a written agreement within the context of sec. 7121 or sec. 7122, we need not resolve whether MacNeill made the statements attributed to her by petitioner or whether MacNeill was authorized by respondent to enter into any such agreement.↩